(\*) HANSON *versus* INHABITANTS OF DEXTER.

To bind a town by the doings of one of its committees, a majority of the committee must concur.

If, within the scope of a committee's appointment, a minority undertake to make a contract, it is competent for the majority to ratify it.

When ratified, the contract has the same force against the town, as if a majority had originally concurred in making it.

Labor performed under such a ratified contract, though it was performed prior to the ratification, and though it was of no value to the town, is a sufficient consideration on which to maintain suit against the town upon the contract.

ON EXCEPTIONS from *Nisi Prius*, APPLETON, J., presiding.
ASSUMPSIT.

The defendants had occasion to make a new road.

They voted money for the purpose, and appointed a committee of six men to let out the job on contract, and to superintend the work and to adjudicate upon its fulfillment.

The committee staked out and marked the lines for the road, and contracted with the plaintiff to make it upon that route for $195, which sum he received.   When the plaintiff began to do the work, one or two of the committee authorized him to deviate a few feet from the route designated, and he did so.   The majority of the committee objected to the alteration and required the plaintiff to make the road exactly

between the lines marked out, and he did so, thus getting no benefit from the work which he had done outside of those lines.

This suit is brought to recover for that work.

At the trial, the plaintiff produced evidence tending to prove that the committee, when objecting to the deviation, promised verbally to pay him or see him paid what was right for his loss, in consequence of the alteration, if he would abandon the deviation, and make the road on the stipulated route.

In reply to an interrogatory propounded by the Judge, the jury replied, that the committee did so promise.

The Judge instructed the jury, that, if they found such a promise was made, the verdict should be for the plaintiff. To this instruction the defendants excepted.

*J. Crosby,* for the defendants.

1. The promise, if made, was without consideration.

2. If there was any consideration it was a past consideration, for labor previously performed, not at the request or for the benefit of the defendants. *Loomis* v. *Newhall,* 15 Pick. 159; *Wells* v. *Wyman,* 3 Pick. 209; *Balcom* v. *Craggin,* 5 Pick. 295; *Jewett* v. *Somerset,* 1 Greenl. 128.

3. The promise, if any, was made by the committee in their individual capacity and it is against them, that the right of the plaintiff, whatever it may be, exists, and not against the town. The committee had no authority to bind the town for such a claim. *Thayer* v. *Boston,* 19 Pick. 511.

*Knowles,* for the plaintiff.

RICE, J. — This is assumpsit for work done on a road, and for extra labor on the same. There was proof that the principal part of the labor performed by the plaintiff was under a contract, which the jury found had not been waived nor abandoned. The amount of compensation, stipulated in the contract, seems to have been paid. That part of the work which was thus performed is not now matter of controversy and therefore not a subject for consideration.

The only questions now open, have reference to labor per-

Baldwin *v.* Bangor.

formed off of the location of the road as staked out by the committee, under the direction of one or two of its members. The committee consisted of six members. The concurrence of a majority was necessary to give validity to its acts. When the committee was informed of the deviation of the plaintiff from the location which they had staked out as the line of the road, five of its members, the other not dissenting, directed him to return to the original location, promising verbally, to pay him what was right for his loss, in consequence of the alteration.

For that promise the defendants contend there was no legal consideration, and that it is consequently void. Though the plaintiff, under the direction of one or two of the members of the committee, had deviated from the line staked out by the whole committee, it does not appear that he had departed beyond the exterior lines within which the committee was authorized to cause the road to be constructed. The deviation when made was unauthorized, but it was competent for the full committee to ratify the acts of the plaintiff, done under the direction of a minority of its members. The agreement to pay what was right for the work thus performed, if he would return to the line originally staked out, was within the scope of their authority, and must be deemed a ratification of the acts of the minority, as far as proceedings had then been had. The labor performed under directions thus ratified was a sufficient consideration for the promise. By that promise the defendants are bound.

*The exceptions are therefore overruled.*

SHEPLEY, C. J., and TENNEY and HATHAWAY, J. J., concurred.